# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Gonzalo Ramon Delarosa** | **ORDER OF DETENTION PENDING TRIAL**<br>Case Number: 1:13-CR-26 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 U.S.C. § 801 et seq
  ☐ under 18 U.S.C.§924(c).
☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Delarosa, age 59, was born and raised until the age of 14 in Texas, before moving to Michigan. He has a wife and two children, is presently unemployed, and uses cannabinoids once per week.

Defendant's criminal history began at age 17 when he was given 68 days in jail for fleeing a police officer. In a possibly related incident, he was also given two years' probation for larceny in a building. Both of these convictions were under the alias Ramon Pizano. (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community if defendant is released, based upon the unrebutted presumption, or, in the absence of the presumption, on the strength of defendant's ongoing criminal history since the age of 17, coupled with the present charges. Defendant has been previously sentenced to substantial prison terms for drug trafficking since the age of 37 (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| Dated: January 31, 2013 | /s/ Hugh W. Brenneman, Jr.<br>*Signature of Judicial Officer*<br>Hugh W. Brenneman, United States Magistrate Judge<br>*Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **Gonzalo Ramon Delarosa**
1:13-CR-26
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

At age 18, defendant was convicted of larceny in a building and given 4 months in jail. The following year he was again convicted of attempted larceny in a building and given a 6-month jail term. He was also placed on probation for two years, but probation was revoked and he was sentenced to two to four years in prison. Defendant also received a 10-month prison term for escape at about the same time.

At age 28 defendant received two convictions in different counties for auto theft, resulting in two prison terms of 3 to 5 years apiece.

At age 37 defendant was convicted of delivery and manufacturing a controlled substance (two counts and given 6 to 20 years in prison).

At age 52 defendant was again convicted of attempted delivery and manufacturing of a controlled substance in Jackson County, and given approximately 4 years in prison. He was placed on parole but violated the same last June 2012 by having contact with a known felon and was held on that violation until he reached his maximum discharge date.

In the present case, defendant was apprehended driving the GMC Yukon which had 4.5 kilograms of cocaine in it and was one of three cars in a convoy returning to Michigan from Texas. The drug convoy had been under police observation and the police noted that the GMC Yukon had been driving at speeds of approximately 30 to 35 mph which had been appropriate in the icy, snowy conditions at the time. However, when the Michigan State Police attempted to pull the Yukon over, Delarosa sped up to 60 mph in an attempt to avoid the state troopers.

**Part II - Written Statement of Reasons for Detention** - (continued)

and shows no indication of stopping. Moreover, he has gone full circle in that his first offense at age 17 was fleeing the police and, when the Michigan State Police attempted to pull over his Yukon with the cocaine in it this time, he again attempted to flee. He clearly has no regard for the drug laws or law enforcement, and there is no reason to believe he would not continue this activity given the opportunity.